J-S96003-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| v. | |
| ANTHONY PHILLIP PELUSO | |
| Appellant | No. 1283 WDA 2015 |

Appeal from the Judgment of Sentence July 9, 2015
In the Court of Common Pleas of Allegheny County
Criminal Division at No(s): CP-02-CR-0014213-2014

BEFORE:  BENDER, P.J.E., BOWES, J., AND SOLANO, J.

MEMORANDUM BY BOWES, J.:                    **FILED MARCH 23, 2017**

Anthony Phillip Peluso appeals from the judgment of sentence of two to four years incarceration, followed by two years probation, imposed after he pled guilty to possession with intent to deliver a controlled substance, possession of a controlled substance, and tampering with physical evidence. We remand this matter with instructions for the trial court.

The pertinent facts are as follows.  On July 9, 2015, Appellant entered a guilty plea to the aforementioned offenses.  At the plea hearing, the prosecutor informed the court that Appellant was entering a general plea. Appellant did not object.  The trial court conducted a colloquy, and accepted Appellant's guilty plea as knowing, intelligent, and voluntary.  The court then proceeded directly to sentencing.  After hearing argument, and considering

the nature of the charges and Appellant's history, the court sentenced Appellant to two to four years state incarceration, plus two years probation.

Appellant filed a post-sentence motion seeking to withdraw his guilty plea, claiming that counsel was ineffective. In that motion, plea counsel, Hart Hillman, Esquire, averred that he had conferred with the prosecutor and reached an agreement where Appellant would only be sentenced to a term of county imprisonment. He asserted that he had communicated this plea deal to Appellant immediately prior to the hearing. He then noted his failure to object during the hearing when the prosecutor indicated that Appellant was entering a general plea. As a result of own his alleged ineffectiveness, Attorney Hillman concluded that Appellant's guilty plea had not been entered knowingly, intelligently, and voluntarily since he ultimately received a sentence to state imprisonment contrary to counsel's pre-hearing advice.

The trial court held a hearing on Appellant's motion to withdraw on July 21, 2015. After hearing testimony from the prosecutor and Attorney Hillman, the court denied Appellant's motion to withdraw his plea, thus finding that Appellant's claim of ineffectiveness was not meritorious. Appellant filed a timely *pro se* notice of appeal to this Court. After conducting a ***Grazier*** hearing,[1] the court permitted Appellant to pursue this appeal *pro se* with the aid of standby counsel. Appellant complied with the

---

[1] ***Commonwealth v. Grazier***, 713 A.3d 81 (Pa. 1998).

court's directive to file a Rule 1925(b) statement of errors complained of on appeal, and the court authored its Rule 1925(a) opinion. On appeal, Appellant presents one issue for our review:

I. Did the lower court err and/or abuse its discretion by denying [Appellant's] motion to withdraw his guilty plea insofar as the plea was not knowing, intelligent or voluntary, but was based on the admitted misrepresentation of defense counsel that an agreement had been reached with the Commonwealth, whereby [Appellant] would receive a county-length sentence, when in fact no such agreement had been made, making [Appellant's] plea unlawfully induced by counsel's ineffectiveness which is apparent on the record?

Appellant's brief at 5.

Before we reach the merits of this appeal, we must first determine whether it is properly before us. At the outset, we are mindful of our Supreme Court's well-established principle that a petitioner should only raise a claim of counsel ineffectiveness on collateral review. *Commonwealth v. Grant*, 813 A.3d 726 (Pa. 2002). In light of its holding in *Grant*, the High Court in *Commonwealth v. Holmes*, 79 A.3d 562 (Pa. 2013), considered whether a trial court could ever consider an ineffectiveness claim in the context of post-sentence motions, and, concomitantly, whether this Court could entertain the claim on direct appeal. The Court concluded that a trial court may permit review of an ineffectiveness claim in only two circumstances. First, the Court observed that "there may be an extraordinary case where the trial court, in the exercise of its discretion,

determines that a claim (or claims) of ineffectiveness is both meritorious and apparent from the record so that immediate consideration and relief is warranted." *Holmes*, *supra* at 577. Second, the Court permitted a trial court, in its discretion, and "for good cause shown," to review an ineffectiveness claim so long as it was "accompanied by a waiver of PCRA rights appropriately tailored." *Id*. at 578. The Court emphasized that a trial court could agree to review an ineffectiveness claim "only upon good cause shown and after a full PCRA waiver colloquy." *Id*. at 580. Indeed, the Court underscored that the trial court's discretion was **contingent** upon a waiver of PCRA review. *Id*. Beyond these two scenarios, ineffectiveness claims must be deferred to collateral review.

We find that the procedural rule established in *Grant* and modified in *Holmes* must be observed in order for this Court to exercise jurisdiction over a claim of ineffective assistance of counsel on direct appeal. Although the trial court addressed Appellant's claim on the merits after holding a hearing, permitting further review, even for the sake of judicial economy, would create an exception to *Grant* in contravention to prevailing case law. The Supreme Court has made it abundantly clear that any exception to *Grant*'s general rule must be furnished by the High Court. *See Commonwealth v. Liston*, 977 A.2d 1089, 1094 (Pa. 2009) (stating "we have explicitly reiterated the general rule in *Grant* and further directed that any exception to that general rule be accomplished only by this Court[.]").

Thus, as the *Holmes* exceptions establish a procedural requirement, the trial court's failure to ensure this matter was procedurally sound must be remedied if this Court is to exercise jurisdiction over the matter.

Here, Appellant failed to establish either of the *Holmes*' exceptions. First, we observe that the trial court did not find that Appellant's claim was meritorious. Since it scheduled a hearing on the matter, it failed to find the merits of the claim were apparent based upon the existing record. Thus, neither of the two elements of the first *Holmes* exception was met. Likewise, the record does not indicate that Appellant waived his rights to collateral review. Therefore, Appellant did not fulfill the procedural dictates enumerated in *Holmes* to properly raise a claim of counsel's ineffectiveness before the trial court. Accordingly, we retain jurisdiction and remand this matter to permit Appellant, if he so chooses, to waive his rights to PCRA review under *Holmes*, and permit the trial court to assess that waiver. Failing this, we cannot entertain the merits of Appellant's ineffectiveness claim presented herein.

Case remanded with instructions. Jurisdiction retained.

Judge Solano joins the memorandum.

President Judge Emeritus Bender files a dissenting memorandum.